The fifth case for argument this morning is the Suburban Teamsters Pension Fund against The E Company and quite a lot of other entities beginning with the letter E. Mr. Grumley. Good morning, Your Honor. I'm George Grumley. I'm one of the counsel for the defendant appellant. Accompanying me at the counsel table is my co-counsel, Mr. Merle Royce, who is no stranger to these environs. This is a union withdrawal liability claim. Before I put that, I'd like to reserve a minute of my argument. The withdrawal liability claim is against The E Company and T&W Edmire Corp. At least that's how it started out. And as it went down the road, they added another half a dozen or so defendants, all of whom had the surname Edmire in some regard, whether it was in the corporation or individually. The position of the defendants is that the due process clause of the 14th Amendment was violated because the notice given to the purported control... Counsel, let me tell you my principal difficulty with this. Yes, sir. The due process clause applies to state actors. The pension fund is not a state actor. So what does the due process clause have to do with it? Well, in this situation, I believe that the Edmires have the protection of the due process clause. They have the protection of the due process clause in the litigation. But you're arguing that the due process clause requires a private actor to do particular things before litigation begins. As far as I know, that's unprecedented in American jurisprudence. All the cases you cite have to do with the conduct of litigation. That is, the service of process, the defendant's right to a copy of the complaint. They don't have anything to do with pre-litigation notices. Not a thing. Is there anything you have that bridges the gap between pre-litigation notices from one party to another and your due process claim? If I may, by the time the notice was given, the parties had been in litigation, I think, for a year or more in a slightly different context. Everybody knew who the defendants were. The issue, I think, for the court to consider is are cases like Mullane and Slotsky to undo the due process requirement in parties that had been locked in litigation certainly here for a couple of years. So, yes, I think it's bridged. I think it's all part of the same event. Whether it's one case that leads to the third case or the second that leads to the fourth case, I think the notice is required to be of a due process nature. Do you have any legal authority for that proposition? I don't have anything other than what I cited, Your Honor. Okay. Going back to the point, the issue, I believe, that the court has to decide is is the instant matter to be controlled by Mullane and all of the progeny of Mullane for the next 65 years and then Slotsky. And all of those cases seem to say that if you have the balancing act that the court has to ride There is no doubt so far as I can see that every litigant was named in the complaint and served with process. Is that correct? I believe so. Right. Mullane has no relevance. It has to do with personal jurisdiction. It's a concept that applies in litigation. It has nothing to do with pre-litigation activities. Judge, to deny the defendants the protection of notice in the litigation, I think just certainly comes right up to the point that the court's describing. Without using these words, are you arguing that the provisions of ERISA here are unconstitutional? Because I think your adversary is going to say what happened here was pretty straightforward. There was a notice of withdrawal liability sent, multi-employer pension plan. It went to the participants. I think it was three at the time, right? Two. Two and then the e-company. Three. Okay, three. It was sent out. The statute has controlled group liability provisions. And all of this played out. It may have been longer than it had to in the district court. So I think you have to argue that somehow that whole scheme that Congress established in ERISA is unconstitutional. It's unconstitutional. And I agree with the court. It's unconstitutional to the extent that it ignores or foo-foos the circumstance where the union knows who the defendants are and where they are, as they did here. In the cases that were cited in the briefs, the union pension funds, most of the union pension funds, didn't know who all of the defendants were, certainly in the control groups or others. If you go to what Judge Posner is talking about in the Slotsky case and you're balancing... Opinions of the court speak for the court, not for a particular judge. Yes, sir. If we are balancing the needs of the parties here, there is absolutely no reason why the Edmire defendants, the other five or six or seven, however many they were, who constitute the Florida control group, weren't given direct notice. They were given notice in some other fashion. And I don't agree with the court when the court says that one part is litigation and one part is not litigation. When you give notice to a defendant of a withdrawal liability in a situation where the union is required, not suggested, required to pursue that withdrawal liability claim, that's part of the litigation. And that's the position of the defendants. You can't separate them as neatly as the court would. Counsel, I have a factual question. You refer in your briefs to some of the corporations, and it matters to me because they were the corporations that received notice as part of the control group, that they were dissolved. Yes. So were they ghosts? I mean, at that point, were they completely dissolved for purposes of Illinois law, or were they still in existence for purposes of receiving notice because they still had to have an agent who was authorized to receive notice under the state? I mean, explain to me, did they exist or not at the time they received notice? They did not exist because they were dissolved by the state of Illinois Department of Corporations for failure to pay their annual income tax and their filing fees. And they were put out of business. I thought Illinois law provided a five-year period after dissolution for claims against them. Yes, it does. So they exist for that purpose. Yes, sir. So we're in that period. Yes, we were. When they were dissolved in 2013, the litigation was commenced, I believe, in 2015. Right. Okay. That was my question. Thank you. Okay. I have a minute left, or 55 seconds I'd like to reserve. Certainly, Mr. Grimley. Thank you, sir. Mr. McDowell. May it please the court, my name is Stephen McDowell, and I represent the trustees of the Sperb and Teamsters of Northern Illinois Pension Fund. The only challenge here is to the constitutional sufficiency of any notice received by the six entities which were not specifically named in the withdrawal liability notice in this case. And under the court's decision in the Slotkin case, service to one member of a control group of a requisite notice with respect to withdrawal liability. You, no less than Mr. Grimley, is confusing the rules for service in litigation with the contents of an ERISA notice. In litigation, every defendant is entitled to be named and receive individual service. But I gather that that was done. There's no doubt that that was done. Yeah, there's no doubt about that. Right. So what happens before litigation is a statutory question, one would think. Yes. Yes, that is. But there's no rule that in litigation, service to one is service to all. No, that's not true. No, that's true. The rule here is the rule with respect to the statutory notice required for withdrawal liability. And it is clear that under the prevailing rules in this circuit, the defendants, the plaintiffs in this case, did serve three members of the control group. And under the Slotkin case, that notice is sufficient with respect to triggering withdrawal liability. Now, further with respect to any argument that the notice would be insufficient under the control group notice of notice to one is notice to all, we would note that two of the individual defendants in this case, Mr. Thomas Edmire and William Edmire, it's undisputed, did actually receive a copy of this notice. And so notice was received by them. Furthermore, Mr. Grumley has mentioned the fact that there was litigation previous within five months prior to the commencement of this withdrawal liability notice. And Mr. Grumley was the registered agent for certain of the entities involved in this case and had, in the district court collection matter, had represented not only the corporate defendants but also individual defendants. So it's fairly clear that there was some form of actual notice. And certainly the type of notice that would put all parties on notice that there's something going on, that a withdrawal liability action is being commenced. Then with respect to the argument that somehow the content of the notice was insufficient, in this court's decision in El Paso, it's basically determined that all that's needed to trigger the statutory procedure for withdrawal liability is that the notice contained the amount of withdrawal liability, the schedule of payments, a demand for payment, and it's sent to the employer. Each of these was satisfied in this matter. And there's no requirement under the statute or under due process that there be some signal that individual liability could occur. The notice in this case was statutorily sufficient. And because the notice was sufficient in this case, it was served upon the requisite parties. We believe the judgment of the district court in this matter should be affirmed. Thank you. Thank you, Mr. McDowell. Anything further? Mr. Grumley? Mm-hmm. It's our understanding that both Spotsky and El Paso required, nonetheless, that the notice given to the defendants had to comply with due process. That if you didn't have due process on the front end of this extended litigation, that the claim against the defendants would not survive. I say that because the cases that we look at here and the ones cited primarily by the union all go to formulate and offer to the court excuses why constructive notice somehow equals actual notice. And in the situation here, that's not true where you have the claiming party notice. Thank you, Mr. Grumley. Thank you very much, Jim. The case is taken under advisement. Thank you.